# IN THE COURT OF APPEALS OF IOWA

No. 17-0299
Filed May 2, 2018

IN RE THE MARRIAGE OF DESIREE JUNE McFADON
AND TIMOTHY I. McFADON

Upon the Petition of
DESIREE JUNE McFADON,
n/k/a DESIREE JUNE WELSCH,
        Petitioner-Appellee,

And Concerning
TIMOTHY I. McFADON,
        Respondent-Appellant.
_____

        Appeal from the Iowa District Court for Muscatine County, Stuart P. Werling,

Judge.


        Respondent appeals the district court's ruling on postsecondary education

expenses. **AFFIRMED.**


        Douglas E. Johnston, Muscatine, for appellant.

        Robert S. Gallagher Jr. and Peter G. Gierut of Gallagher, Millage &

Gallagher, P.L.C., Bettendorf, for appellee.


        Heard by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Timothy McFadon appeals the district court's ruling on postsecondary education expenses. We find the district court properly found Timothy should be required to pay a postsecondary education subsidy for all four years S.M. attends college. We award appellate attorney fees of $1000 to Desiree Welsch. We affirm the decision of the district court.

## I.      Background Facts & Proceedings

Timothy and Desiree McFadon, now known as Desiree Welsch, were previously married. They are the parents of two children, T.M., born in 1990, and S.M., born in 1995. The parties' dissolution decree, filed on April 14, 2006, provided:

> the parties agree that post-secondary (college) education expenses as set forth in Section 598.21(5A) of the Code of Iowa (2003),[1] as amended, and that such statute currently provides that each would pay up to one-third (1/3) of the college expenses to include tuition, room, board, fees and books for an in-state public institution, provided the child is enrolled full-time and maintains a "C" average shall be heretofore reserved.

On June 24, 2016, Desiree filed an application requesting Timothy be made responsible to pay his portion of S.M.'s postsecondary education expenses. S.M. was pursuing a four-year degree at Embry-Riddle Aeronautical University in Prescott, Arizona, and expected to graduate in May 2017. Desiree asked to have Timothy pay part of S.M.'s past and present educational expenses. Timothy agreed to contribute to S.M.'s educational expenses for the current school year, S.M.'s senior year, but argued he should not have to pay for prior years.

---

[1] The provisions for postsecondary education expenses are now found in Iowa Code section 598.21F (2016).

A hearing was held January 25, 2017. Both parties testified T.M. attended Muscatine Community College for one semester and Timothy voluntarily paid one-third of the costs without court intervention. Desiree believed the parties would similarly enter into an agreement to pay S.M.'s educational expenses. She testified Timothy agreed she would take out a loan to pay for S.M.'s first year of college and Timothy would take out a loan to pay for the second year. She stated, however, Timothy had not paid any part of S.M.'s postsecondary education. At the time of the hearing, Desiree had parent plus student loans of $207,000 for S.M.'s education.

Timothy testified he paid some money directly to S.M., but he did not present evidence as to how much. He stated he called the school to discuss paying the school directly but did not make any payments to the school. Timothy testified he had discussions with Desiree about paying for S.M.'s education but "[n]othing ever got worked out." When asked if he had provided $21,000 to S.M. over the past three years, he stated, "I've provided a lot of it, yes."

The district court found Desiree was a registered nurse with gross annual income of $63,000 and Timothy was a deputy sheriff with gross annual income of $58,200. Using the cost to attend the University of Iowa, the court determined Desiree and Timothy would be required to contribute a maximum of $6219 each year. The court concluded Desiree would be personally responsible for $24,876 of the joint student loans with S.M. The court found Timothy should pay $24,876 directly to S.M., which was $6219 for each of his four years of study. Timothy appeals the district court's decision.

**II.     Standard of Review**

"A proceeding to modify or implement a marriage dissolution decree subsequent to its entry is triable in equity and reviewed de novo on appeal." *In re Marriage of Pals*, 714 N.W.2d 644, 646 (Iowa 2006). In equity proceedings, we give weight to the factual findings of the district court, especially when considering the credibility of witnesses, but are not bound by those findings. Iowa R. App. P. 6.904(3)(g).

### III.    Postsecondary Education

Timothy claims the district court's decision improperly requires him to pay a retroactive postsecondary education subsidy. He states under section 598.21C(5), an award of child support may only be retroactively modified to three months before a petition for modification is served on the opposing party. He states the same rule should apply to postsecondary education subsidies.

Section 598.21C(5) specifically states it applies to the modification of orders for child support. In general, child support is payable for a child under the age of nineteen who has not yet received a high school diploma. *See* Iowa Code § 598.21B(2)(e). A postsecondary education subsidy may be payable for a child pursuing a postsecondary education, such as attendance at a college, university, or community college. *See id.* § 598.21F. Postsecondary education subsidies are not the same as child support, and we determine section 598.21C(5) does not apply in this situation.

Timothy also claims the requirement a parent should be retroactively responsible for a postsecondary education subsidy is contrary to public policy. In the case *In re Marriage of Mullen-Funderburk*, 696 N.W.2d 607, 608 (Iowa 2005), an application to modify a dissolution decree was filed prior to the child attending

college but by the time of the hearing on the application, the child had already begun her college education. The Iowa Supreme Court stated:

> We note, however, that this determination [of the postsecondary education subsidy] should attempt to establish what the subsidy should have been with regard to [the student's] prior college attendance as well as fixing a subsidy for her future college attendance. The determination of each parent's obligation shall be made as to both prior years and future years. Credit shall be given for college expenses already advanced by either parent.

*Mullen-Fenderburk*, 696 N.W.2d at 611; *c.f. Pals*, 714 N.W.2d at 651 (noting a parent is not entitled to a credit for overpayment of child support).

We determine the district court properly found Timothy should be required to pay a postsecondary education subsidy for all four years S.M. is attending college. Timothy should be given credit for money he already advanced to S.M. for college expenses. He had the burden to show this amount. *See* Iowa R. App. P. 6.904(3)(e) ("Ordinarily, the burden of proof on an issue is upon the party who would suffer loss if the issue were not established."). Timothy did not provide specific evidence of the amount he had paid to S.M. The district court found, "Timothy has made some small payments directly to S.M. but those payments have not exceeded $2000 in any one academic year."

We find Timothy should pay $24,876 directly to S.M., which is $6219 for each of the four years of study.

### IV.    Attorney Fees

Desiree requests an award of appellate attorney fees. She has submitted an affidavit showing her attorney fees for this appeal are $3856.25. An award of appellate attorney fees is not a matter of right, but rests within the court's discretion. *In re Marriage of Sullins*, 715 N.W.2d 242, 255 (Iowa 2006). We consider "the needs of the party seeking the award, the ability of the other party to pay, and the relative merits of the appeal." *Id.* We determine Desiree should be awarded appellate attorney fees of $1000.

We affirm the decision of the district court.

**AFFIRMED.**